# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ADRIENNE RUTLEDGE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | Civil Action Number |
| ) | **2:14-cv-00145-AKK** |
| **AVEDA, et al.**, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On March 25, 2015, the magistrate judge entered a report and recommendation, doc. 44, regarding the defendants' motions to dismiss, docs. 28, 30, and the parties were allowed fourteen (14) days in which to file objections to the recommendations. On April 13, 2015, the plaintiff filed objections to the magistrate judge's report and recommendation. Doc. 47.

Having reviewed the pleadings, the briefs, the magistrate's report and recommendation, and the plaintiff's objections thereto, even though the latter were untimely submitted,[1] the court hereby **ADOPTS** the report of the magistrate judge.

---

[1] The plaintiff argues that the deadline for filing an objection was April 13, not April 8 because Federal Rule of Civil Procedure 6(d) provides her with three extra days from the date of

The court further **ACCEPTS** the recommendation of the magistrate judge that all four counts of the plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**, the plaintiff be granted leave to move to amend her complaint to comply with Federal Rule of Civil Procedure 8(a) and 9(b), and the case be referred back to the magistrate judge for further proceedings. Any motion for leave to amend is due by May 22, 2015.

  **DONE** this 12th day of May, 2015.

                _____
                **ABDUL K. KALLON**
                UNITED STATES DISTRICT JUDGE

---

electronic service. Doc. 46 at 2–3. Rule 6(d) provides for three extra days "[w]hen a party may or must act within a specified time after *service* . . . ." Fed. R. Civ. P. 6(d) (emphasis added). In other words, it applies to deadlines that are triggered by service. The magistrate judge's order specified that any objections were due fourteen days after "the date [the Report] is *filed* in the office of the Clerk." Doc. 44 at 27 (emphasis added). Consequently, because service was not involved in generating the deadline at issue here, Rule 6(d) has no bearing on the timeliness of the plaintiff's objection. *See Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*, C 04-02266 JW, 2006 WL 1525695, at *3 (N.D. Cal. May 30, 2006) ("In this case, the April Notice and the terms of [the discovery order] both indicate that the ten-day period was triggered by the date of the order itself, and not service. Because Rule 6(d), by its own terms, does not apply unless the period to be calculated is triggered by the date of service, Plaintiffs['] objections are untimely.").